UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JAMES E. BRABSON III,

    Plaintiff,

        v.                        CAUSE NO. 1:23-CV-151-HAB-SLC

CHAPLAIN TIM, et al.,

    Defendants.

## OPINION AND ORDER

James E. Brabson III, a prisoner proceeding without a lawyer, filed a civil rights complaint. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Brabson is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As a preliminary matter, Mr. Brabson recently filed a motion for leave to proceed in forma pauperis. (ECF 6.) However, this motion is unnecessary because he was

already granted leave to proceed in forma pauperis in this case.[1] (ECF 3.) The motion will be denied.

Mr. Brabson is a pretrial detainee at the Allen County Jail and claims to be a practicing Muslim. He alleges that in April 2022, he was not permitted to receive special meals during Ramadan, which caused him to break his fast. His complaint is somewhat confusing, but it appears that he wrote to the jail's chaplain, "Chaplain Tim" (last name unknown), to ask that he be placed on the list to participate in Ramadan. As best as can be discerned, Chaplain Tim wrote back asking him some additional questions. Jail staff had no record of Mr. Brabson responding to the questions, and so he was not placed on the list. He appears to state either that he did not get the questions, or that he did not answer them because he thought it improper for Chaplain Tim to ask him any questions about his religion. Based on this incident, he seeks monetary damages and an order requiring jail staff to "be more attentive and listen to inmates before prejudging the situation." (ECF 1 at 6.)

"The Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (internal quotation marks and citation omitted). "A substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016) (internal quotation marks, alteration,

---

[1] The court is aware that he has not paid the initial partial filing fee assessed in April 2023. However, his recently filed motion reflects that he does not have sufficient funds to do so, and because of a negative balance on his account, is unlikely to have such funds in the near future. The case will proceed to screening, but he is reminded that he remains obligated to pay the full filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

2

and citation omitted). Nevertheless, a prison practice that imposes a substantial burden on the free exercise of religion "may be justified if it is reasonably related to legitimate penological interests." *Kaufman*, 733 F.3d at 696 (internal quotation marks and citation omitted). The Religious Land Use and Institutionalized Persons Act ("RLUIPA") offers broader protections, prohibiting substantial burdens on "any exercise of religion, whether or not compelled by, or central to, a system of religious belief," unless the prohibition is in furtherance of a compelling governmental interest. *Schlemm v. Wall*, 784 F.3d 362, 364 (7th Cir. 2015); *see also* 42 U.S.C. § 2000cc-1(a). RLUIPA only authorizes injunctive relief, however, not monetary damages. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011).

The court accepts as true Mr. Brabson's allegation that he is a practicing Muslim, and that fasting during Ramadan is a central tenet of his religion. However, his complaint does not provide enough to detail to state a plausible First Amendment claim. As he describes this incident, no one intentionally denied him the right to participate in Ramadan; rather, he was not placed on the list of participants because the paperwork was incomplete. *See Hambright v. Kemper*, 705 F. App'x 461, 463 (7th Cir. 2017) (no First Amendment liability where prison official simply "dropped the ball" in failing to prepare meals for feast marking the end of Ramadan); *Collins v. Aramark Food Servs.*, No. 3:22-CV-257-DRL-MGG, 2022 WL 1469374, at *1 (N.D. Ind. May 10, 2022) (inmate did not state First Amendment claim where he was inadvertently served pork in violation of his religious tenets).

3

Although he faults Chaplain Tim for asking him questions about his religion, he does not provide any details about the questions Chaplain Tim asked him. It was not improper for the Chaplain to try to assess whether he was sincere in his beliefs before approving the request for Ramadan meals. *See Vinning-El v. Evans*, 657 F.3d 591, 594 (7th Cir. 2011) ("A prison is entitled to ensure that a given claim reflects a sincere religious belief, rather than a preference for the way a given diet tastes, a belief that the preferred diet is less painful for animals, or a prisoner's desire to make a pest of himself and cause trouble for his captors."). Based on what has been alleged, the court cannot plausibly infer that Chaplain Tim violated his First Amendment rights. As for RLUIPA, the events Mr. Brabson describes occurred more than a year ago, and there is no basis in his complaint to conclude that he is currently in need of injunctive relief related to his religious practice. The only injunctive relief he seeks relates to prison staff listening more attentively to inmates.

He also names former Sheriff David Gladieux as a defendant, but does not mention him in the narrative section of the complaint. It appears he is trying to hold the former Sheriff liable because he oversaw operations at the jail during this period, but there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Supervisory correctional staff can be held liable for a constitutional violation only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). As outlined above, Mr. Brabson has not plausibly alleged that Chaplain Tim committed a constitutional

violation. Even if he had, there is insufficient factual content from which the court could plausibly infer that former Sheriff Gladieux knew about the conduct and condoned it, facilitated it, or approved of it.

Therefore, he has not stated a plausible claim for relief. In the interest of justice, the court will allow him an opportunity to file an amended complaint if, after reviewing the court's order, he believes that he can state a claim based on this incident, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) DENIES as unnecessary the plaintiff's motion for leave to proceed in forma pauperis (ECF 6);

(2) GRANTS the plaintiff until **August 21, 2023**, to file an amended complaint; and

(3) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on July 19, 2023.

    s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT